UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ECP PROPERTY II LLC,                        :
                                            :   VERIFIED COMPLAINT
                Plaintiff,   :
                                            :   CV
                -against-    :
                                            :
JOSEPH S. NORTON,                           :
                                            :
                -and-        :
                                            :
29 KERMIT PLACE LLC,                        :
                                            :
                -and-        :
                                            :
31 KERMIT OWNER LLC,                        :
                                            :
                -and-        :
                                            :
35 KERMIT PLACE LLC,                        :
                                            :
                -and-        :
                                            :
771 HOPKINSON BOYLAND LLC,                  :
                                            :
                -and-        :
                                            :
DOE, INC. 1 *through* 10,                   :
                                            :
                -and-        :
                                            :
JOHN AND/OR JANE DOES 1 *through* 10,       :
                                            :
                Defendants.  :
------------------------------------------------------------X

       Plaintiff, ECP Property II LLC ("ECP"), by undersigned counsel, as and for its Complaint against defendants, Joseph S. Norton, 29 Kermit Place LLC ("29 Kermit Place"), 31 Kermit Owner LLC ("31 Kermit Owner"), 35 Kermit Place LLC ("35 Kermit Place"), 771 Hopkinson Boyland LLC ("771 Hopkinson Boyland"), Doe, Inc. 1 through 10 (the "Unknown

Corporations"), and John and/or Jane Does 1 through 10 (the "Unknown Individuals"; collectively with Mr. Norton, 29 Kermit Place, 31 Kermit Owner, 771 Hopkinson Boyland and the Unknown Corporations, the "Defendants"), alleges as follows:

## INTRODUCTION

1. This case involves a conspiracy orchestrated by Defendant Joseph S. Norton to avoid payment of a valid Judgment (defined below) in favor of ECP and against Riverrock Nehemiah Realty LLC ("Riverrock"), Guytech Management Services, Inc. ("Guytech"), and Mr. Norton (collectively with Riverrock and Guytech, the "Judgment Debtors"). The Defendants in this action are all controlled by Mr. Norton, and he has directed that funds be shifted around between them in an attempt to defraud ECP into believing that the Judgment Debtors could repay ECP. Several of the conveyances orchestrated by Mr. Norton represent fraudulent transfers under New York law. Mr. Norton has attempted to conceal assets from his creditors before, as when he transferred all of his assets to his children in 2011. The conspiracy and fraudulent transfers described below are consistent with Mr. Norton's past behavior, and only a judgment against all of the Defendants will allow ECP to recover what is owed.

## THE PARTIES

2. Plaintiff, ECP Property II LLC, is a Delaware limited liability company that has its principal place of business at 383 Inverness Parkway, Suite 390, Englewood, Colorado 80112.

3. Mr. Norton, defendant, is an individual residing in Brooklyn, New York.

4. Defendant 29 Kermit Place is a New York limited liability company that has its principal place of business at 29 Kermit Place, Brooklyn, New York 11218.

5. Defendant 31 Kermit Owner is a New York limited liability company that has its principal place of business at 31 Kermit Place, Brooklyn, New York 11218.

6. Defendant 35 Kermit Place is a New York limited liability company that has its principal place of business at 35 Kermit Place, Brooklyn, New York 11218.

7. Defendant 771 Hopkinson Boyland is a New York limited liability company that has its principal place of business at 771 Thomas S. Boyland Street, Brooklyn, New York 11212.

8. The Unknown Corporations and the Unknown Individuals are named in this Complaint because ECP believes and therefore avers that the *modus operandi* of the principal of the named defendants, Defendant Joseph S. Norton, is to form and operate businesses to perpetrate the fraudulent conveyances described in this Complaint. Additional parties presently designated Doe, Inc. and John and/or Jane Doe will be identified as additional information becomes available to ECP during investigation and discovery in this litigation.

## JURISDICTION AND VENUE

9. Venue of this action is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b), as the Defendants have their principal places of business in the Eastern District of New York, and therefore they are deemed to reside in the Eastern District of New York.

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. In this Complaint, ECP alleges a violation of 18 U.S.C. § 1962.

11. This Court has jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367(a) because such claims are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

12. ECP became a judgment creditor of the Judgment Debtors by virtue of a final *Judgment* entered by the Clerk of Court of the Supreme Court of the State of New York in Kings

County on July 6, 2017 in the litigation styled <u>ECP Property II LLC v. Riverrock Nehemiah Realty LLC, et al.</u>, Index Number 3763/12 (the "<u>Foreclosure Action</u>").  After significant litigation in the Foreclosure Action, certain real property owned by Riverrock was foreclosed upon and sold on December 17, 2015, resulting in a significant deficiency remaining due and owing to ECP.  Defendant Joseph S. Norton, one of the Judgment Debtors, is the principal of the two other Judgment Debtors, Riverrock and Guytech.

13. Before commencement of the Foreclosure Action, in 2011, Mr. Norton transferred substantially all of his assets to his children, in order to avoid paying the debt that formed the basis of the Foreclosure Action.  As a result of Mr. Norton's actions, his daughter Thema became the sole owner of Riverrock.

14. In an effort to delay the Foreclosure Action and the entry of judgment against it, Riverrock twice filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy Court for the Eastern District of New York, as case numbers 14-45041-nhl and 15-43095-nhl, both of which the Bankruptcy Court dismissed.

15. Thema Norton, for her part, filed two petitions for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York, as case numbers 16-44209-ess and 17-42199-ess, in order to avoid prosecution and responding to related discovery by ECP in connection with her alleged conversion of the tenant rents generated by the real property that was the subject of the Foreclosure Action.  ECP objected to Ms. Norton's bankruptcy discharge.

16. The Clerk of the Kings County Supreme Court entered a judgment in the Foreclosure Action on July 6, 2017 in favor of ECP and against the Judgment Debtors, jointly

and severally, in the sum of $988,328.90 with interest thereon from September 21, 2016 in the sum of $70,417.80, making in all the total balance due of $1,058,746.70, plus interest at 9% per annum from July 6, 2017 (collectively, the "Judgment"). A copy of the Judgment is annexed hereto as Exhibit 1.

17. Prior to entry of the Judgment, ECP engaged in discussions with the Judgment Debtors through their then-counsel. The Judgment Debtors sought to purchase the property subject to the Foreclosure Action and avoid entry of the Judgment. During those discussions, on April 9, 2016, Mr. Norton provided a letter from TD Bank, N.A. (the "TD Bank Letter") to ECP stating that Riverrock and he held $1,534,836.90 in available funds (the "Funds") in a TD Bank account. A copy of the TD Bank Letter is annexed hereto as Exhibit 2.

18. Prior to the April 9, 2016 date of the TD Bank Letter, Mr. Norton directed Defendants 29 Kermit Place, 31 Kermit Owner, 35 Kermit Place, and 771 Hopkinson Boyland to transfer the Funds to Riverrock's account (the "Collection Transfers") at TD Bank. Mr. Norton controlled all of the bank accounts owned by Riverrock, Guytech and Defendants 29 Kermit Place, 31 Kermit Owner, 35 Kermit Place, and 771 Hopkinson Boyland at all relevant times.

19. The Judgment Debtors never paid the Funds to ECP. Upon information and belief, Mr. Norton orchestrated the Collection Transfers in an attempt to defraud ECP into engaging in a transaction under the erroneous belief that the Judgment Debtors were capable of paying the deficiency that was then due and owing to ECP. Mr. Norton intended that ECP would rely on the representations in the TD Bank Letter and refrain from prosecuting the Foreclosure Action, and instead would engage in a below fair market transaction with him. In reliance upon the representations in the TD Bank Letter, ECP pursued resolution of the Foreclosure Action

instead of seeking an immediate judgment against the Judgment Debtors, and ECP's reliance was reasonable.

20. On April 7, 2016, Riverrock issued a check to Mr. Norton (the "Norton Transfer") in the amount of $100,000.00. The check was deposited in an account at the Guyana Bank of Trade and Industry Limited in Guyana, a country in South America. A redacted copy of Riverrock's check to Mr. Norton is annexed hereto as Exhibit 3.

21. On April 15, 2016, Riverrock transferred $1,534,836.90 (the "35 Kermit Place Transfer"), to a TD Bank account owned by 35 Kermit Place. Tellingly, the amount of the 35 Kermit Place Transfer is precisely the amount of the Funds described in the TD Bank Letter. A redacted copy of Riverrock's TD Bank account statement from April 2016, showing the 35 Kermit Place Transfer, is annexed hereto as Exhibit 4.

22. Upon information and belief, the 35 Kermit Place Transfer was made without fair consideration.

23. Upon information and belief, the 35 Kermit Place Transfer was orchestrated by Mr. Norton in an attempt to conceal assets from ECP and hinder enforcement of a judgment in the Foreclosure Action.

24. On May 6, 2016, 35 Kermit Place transferred $1,400,000.00 (the "Citizens Bank Guyana Transfer") to an account at Citizens Bank Guyana Inc. in Guyana by wire transfer. Upon information and belief, the Citizens Bank Guyana Inc. account is owned by one or more of the Defendants, one or more of the Judgment Debtors, or one or more of the Unknown Corporations and/or Unknown Individuals. A redacted copy of Riverrock's TD Bank account statement from May 2016, showing the Citizens Bank Guyana Transfer, is annexed hereto as Exhibit 5.

25. On May 26, 2016, 35 Kermit Place received a wire transfer (the "ACC BANY Transfer") from "CUSTOMER SERVICE CLAIMS ACC BANY" in the amount of $1,400,000.00. (See Ex. 5). Upon information and belief, the ACC BANY Transfer came from an account owned by one or more of the Defendants, one or more of the Judgment Debtors, or one or more of the Unknown Corporations and/or Unknown Individuals.

26. Upon information and belief, the ACC BANY Transfer was orchestrated by Mr. Norton in an attempt to conceal assets from ECP and hinder enforcement of a judgment in the Foreclosure Action.

27. A 35 Kermit Place TD Bank account statement, on June 6, 2016, shows a debit of $1,450,000.00 (the "35 Kermit Place Debit"; collectively with the Collection Transfers, the Norton Transfer, the 35 Kermit Place Transfer, the Citizens Bank Guyana Transfer, and the ACC BANY Transfer, the "Transfers") from the 35 Kermit Place account at TD Bank. Upon information and belief, the recipient of the 35 Kermit Place Debit was one or more of the Defendants, one or more of the Judgment Debtors, or one or more of the Unknown Corporations and/or Unknown Individuals. A redacted copy of 35 Kermit Place's TD Bank account statement from June 2016, showing the 35 Kermit Place Debit, is annexed hereto as Exhibit 6.

28. Upon information and belief, the 35 Kermit Place Debit was orchestrated by Mr. Norton in an attempt to conceal assets from ECP and hinder enforcement of a judgment in the Foreclosure Action.

29. Each of the Transfers occurred after the foreclosure sale of Riverrock's real property, but before entry of the Judgment. At all times, the Defendants were aware of the deficiency due and owing to ECP after the foreclosure sale.

30. ECP did not learn until years later, through post-judgment discovery, after years of numerous attempts to hinder and delay ECP's post-judgment discovery, that the Funds had been transferred in their entirety to 35 Kermit Place, and subsequently out of the country and to other unknown persons or entities.

31. Mr. Norton, the principal of both Riverrock and Guytech, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 14, 2019 in the United States Bankruptcy Court for the Eastern District of New York, as case number 19-46818-ess. Mr. Norton failed to appear at an agreed-upon date for his deposition in connection with the enforcement of the Judgment and, upon information and belief, sought relief under the Bankruptcy Code to avoid attendance at the rescheduled post-judgment deposition.

32. While under the protection of the Bankruptcy Code, Mr. Norton neither filed his required bankruptcy schedules nor attended the meeting of his creditors under 11 U.S.C. § 341. Accordingly, the Bankruptcy Court dismissed Mr. Norton's bankruptcy case on January 14, 2020. Copies of the *Request for Judicial Determination Concerning Dismissal Pursuant to 11 U.S.C. § 521(i)*, directing the Bankruptcy Court Clerk's Office to dismiss the bankruptcy case, and the *Notice of Automatic Dismissal of Case under Bankruptcy Code § 521(i)(1)* are annexed hereto collectively as Exhibit 7.

33. As of January 16, 2020, the total amount due and owing on the Judgment is $1,283,923.22. The Judgment remains unpaid in full.

**FIRST CAUSE OF ACTION**
**(Fraudulent Conveyance against 35 Kermit Place)**

34. ECP repeats and realleges paragraphs 1 through 33 herein.

35. The 35 Kermit Place Transfer from Riverrock to 35 Kermit Place was made with actual intent to hinder, delay or defraud ECP as creditor of the Judgment Debtors.

36. The 35 Kermit Place Transfer from Riverrock to 35 Kermit Place was made by Riverrock, who was a defendant in the Foreclosure Action at the time of the 35 Kermit Place Transfer.

37. Upon information and belief, Riverrock was rendered insolvent as a result of the 35 Kermit Place Transfer.

38. Upon information and belief, the 35 Kermit Place Transfer was made without fair consideration.

39. Pursuant to N.Y. Debt. & Cred. Law §§ 273, 273-1, and 276, ECP is entitled to a judgment against 35 Kermit Place to the extent necessary to satisfy the debt evidenced by the Judgment in favor of ECP, so that the claim against the Judgment Debtors can be paid.

**SECOND CAUSE OF ACTION**
**(Fraudulent Conveyance against 35 Kermit Place, Unknown Corporations, and Unknown Individuals)**

40. ECP repeats and realleges paragraphs 1 through 39 herein.

41. The Citizens Bank Guyana Transfer from 35 Kermit Place to Unknown Corporations or Unknown Individuals was made with actual intent to hinder, delay or defraud ECP as creditor of the Judgment Debtors.

42. Pursuant to N.Y. Debt. & Cred. Law § 276, ECP is entitled to a judgment against 35 Kermit Place and Unknown Corporations or Unknown Individuals to the extent necessary to satisfy the debt reflected by the Judgment in favor of ECP, so that the claim against the Judgment Debtors can be paid.

**THIRD CAUSE OF ACTION**
**(Fraudulent Conveyance against 35 Kermit Place, Unknown Corporations, and Unknown Individuals)**

43. ECP repeats and realleges paragraphs 1 through 42 herein.

44. The 35 Kermit Place Debit from 35 Kermit Place to Unknown Corporations or Unknown Individuals was made with actual intent to hinder, delay or defraud ECP as creditor of the Judgment Debtors.

45. Pursuant to N.Y. Debt. & Cred. Law § 276, ECP is entitled to a judgment against 35 Kermit Place and Unknown Corporations or Unknown Individuals to the extent necessary to satisfy the debt reflected by the Judgment in favor of ECP, so that the claim against the Judgment Debtors can be paid.

### FOURTH CAUSE OF ACTION
**(Violations of Racketeer Influenced and Corrupt Organizations Act against Defendants)**

46. ECP repeats and realleges paragraphs 1 through 45 herein.

47. The Defendants are "persons" within the meaning of 18 U.S.C. §§ 1961(3), 1962(a), 1962(b), 1962(c), and 1962(d).

48. At all relevant times, all Defendants and persons acting in concert with them, including but not limited to Riverrock, Guytech, Doe, Inc. 1 through 10 and John and/or Jane Does 1 through 10, constituted an "enterprise" within the meaning of 18 U.S.C. §§ 1961(4), 1962(a), 1962(b), and 1962(c) (the "Norton Enterprise").

49. The Norton Enterprise was engaged in, and its activities affected, interstate commerce. The Norton Enterprise is an ongoing organization whose associates function as a continuing unit, whether that unit holds itself out to the world as Norton or by any other name. The Norton Enterprise is an entity separate and apart from the pattern of activity in which it engages.

50. Beginning in 2016 at the latest, and continuing to the present, all Defendants and persons acting in concert with them, including Riverrock, Guytech, Doe, Inc. 1 through 10 and John and/or Jane Does 1 through 10, repeatedly engaged in acts indictable under 18 U.S.C. §

1343 (relating to wire fraud) and 18 U.S.C. § 1952 (relating to foreign travel or transportation in aid of racketeering enterprises), and used wire and other communications in interstate and foreign commerce in connection with these acts, thereby engaging in "racketeering activity" within the meaning of 18 U.S.C. § 1961(1)(B).

51. The repeated violations of 18 U.S.C. §§ 1343, 1952, 1956, and 1957 by all Defendants and persons acting in concert with them, including Riverrock, Guytech, Doe, Inc. 1 through 10 and John and/or Jane Does 1 through 10, have extended over a period of years and involved distinct and independent criminal acts. They were neither isolated nor sporadic events, but rather involved regular and repeated violations of law to accomplish the Defendants' desired ends in the course of the continuing Norton Enterprise. These acts were related to each other by virtue of, among other things, common participants, common targets and common purposes, which included defrauding and profiting at the expense of ECP. As such, this conduct constitutes a "pattern of racketeering activity" within the meaning of 18 U.S.C. § 1961(5).

52. Through a pattern of racketeering activity as described above, all Defendants and persons acting in concert with them, including but not limited to Riverrock, Guytech, Doe, Inc. 1 through 10 and John and/or Jane Does 1 through 10, acquired or maintained, directly or indirectly, an interest in or control of the Norton Enterprise, an enterprise that engages in activities that affect foreign commerce, in violation of 18 U.S.C. § 1962(b).

53. All Defendants and persons acting in concert with them, including but not limited to Riverrock, Guytech, Doe, Inc. 1 through 10 and John and/or Jane Does 1 through 10, were associates with or employees of the Norton Enterprise, an enterprise that engages in activities that affect foreign commerce, and conducted such enterprise's affairs and obtained income from such enterprise, in violation of 18 U.S.C. § 1962(c).

54. All Defendants and persons acting in concert with them, including but not limited to Riverrock, Guytech, Doe, Inc. 1 through 10 and John and/or Jane Does 1 through 10, conspired or endeavored to violate 18 U.S.C. §§ 1962(a), (b), and (c) by entering into an agreement to participate in a scheme to create and operate the Norton Enterprise to defraud and profit at the expense of ECP, all in violation of 18 U.S.C. § 1962(d).

55. Pursuant to 18 U.S.C. § 1964(c), ECP is injured in its business and property by reason of the Defendants' violations of 18 U.S.C. § 1962 and is entitled to treble damages from the Defendants, plus attorneys' fees.

56. ECP demands judgment against the Defendants, jointly and severally, for their violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) in the amount of $3,851,769.66, or such amount as may be proved at trial, plus attorneys' fees.

## REQUEST FOR RELIEF

WHEREFORE, plaintiff ECP Property II LLC respectfully demands:

(a) On ECP's First Cause of Action, judgment against Defendant 35 Kermit Place in the amount of $1,283,923.22, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees;

(b) On ECP's Second Cause of Action, judgment against Defendants 35 Kermit Place and Unknown Corporations or Unknown Individuals, jointly and severally, in the amount of $1,283,923.22, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees;

(c) On ECP's Third Cause of Action, judgment against Defendants 35 Kermit Place and Unknown Corporations or Unknown Individuals, jointly and

        severally, in the amount of $1,283,923.22, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees;

(d)     On ECP's Fourth Cause of Action, judgment against Defendants Joseph S. Norton, 29 Kermit Place, 31 Kermit Owner, 35 Kermit Place, and 771 Hopkinson Boyland, jointly and severally, in the amount of $3,851,769.66, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees;

(e)     On all causes of action, pursuant to N.Y. Debt. & Cred. Law § 276-a, an award of ECP's costs of this action, including attorneys' fees to the extent authorized by law; and

(f)     Such other and further relief as the Court determines to be just and proper.

Dated: January 17, 2020         **Friedberg PC**

        /s/ Gordon S. Young
Jeremy S. Friedberg (motion for admission *pro hac vice* to be filed)
Gordon S. Young (GY-8331)
10045 Red Run Boulevard, Suite 160
Baltimore, Maryland 21117
(410) 581-7400
(410) 581-7410 (facsimile)
jeremy@friedberg.legal
gordon.young@friedberg.legal

*Attorneys for ECP Property II LLC*

STATE OF COLORADO   )
                    )ss:
COUNTY OF DOUGLAS   )

Nathan Cann, being duly sworn, deposes and says that deponent is the authorized agent of plaintiff ECP Property II LLC, the limited liability company described in the within action; that deponent has duly read the foregoing Verified Complaint and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. This verification is made by deponent because plaintiff ECP Property II LLC is a Delaware limited liability company and deponent is the authorized agent thereof.

_____
NATHAN CANN

Sworn to before me this
16 day of January, 2020

_____
Notary Public

ANDREW YOUNG
Notary Public
State of Colorado
Notary ID # 20134006864
My Commission Expires 02-04-2021

- 14 -