# DAHIYA LAW OFFICES LLC
*Attorneys*

75 Maiden Lane Suite 506
New York, New York 10038
Tel: 212-766 8000   Fax: 212 766 8001
karam@legalpundit.com

December 11, 2020

Hon. I. Leo Glasser
Judge District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Lack of Disclosure of the Past Pending Case
before a different Judge**

**Case Name:**   ECP Property II LLC v. Joseph S. Norton et al
**Case Number:** 1:20-cv-00303-ILG-VMS

Your Honor,

   I am the counsel for the Defendants in the aforesaid proceeding and very respectfully writing to attract your attention to the fact that the same plaintiff ECP Property II LLC had filed essentially the same issue and same fact based case before Hon. Frederic Block. **Ex. A.** After substantial time before Judge Block, ECP had voluntarily dismissed the lawsuit. I also attach for the Court consideration a copy of the docket-sheet for the Court's perusal. **Ex. B**. I am afraid, Your Honor that the Plaintiff might be judge shopping.

   Your Honor, our district local rule 4 makes it mandatory,

> An action, case or proceeding may not be dismissed and thereafter refiled for the purpose of obtaining a different judge. If an action, case or proceeding, or one essentially the same, is dismissed and refiled, it shall be assigned to the same judge. *It is the duty of every attorney appearing to bring the facts of the refiling to the attention of the clerk.*

EDNY Local Rule 4.ECP attorneys did not inform the Court or the court-clerk about it. While we have tremendous respect for our court, it seems that ECP might have done it deliberately to have a new court, a new judge. It was just brought to my attention by the former counsel of the defendants.

   Wherefore, I inform the Court the foregoing with attachments for appropriate orders.  Yours faithfully,

*/s/karamvirdahiya*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ECP PROPERTY II LLC,                            :

                                                    :     AMENDED COMPLAINT

                Plaintiff,               :

                                                    :     14-CV-7298 (FB) (VVP)

           -against-                   :

JOSEPH NORTON                             :

and                                                        :

THEMA NORTON,                           :

                Defendants.           :
-----------------------------------------------------------------X

## AMENDED COMPLAINT

      Plaintiff, ECP Property II LLC, by undersigned counsel, complaining of the defendants, Joseph Norton and Thema Norton, alleges as follows:

### THE PARTIES

      1.     ECP Property II LLC ("ECP") is a Delaware limited liability company that has its principal place of business at 383 Inverness Parkway, Suite 390, Englewood, Colorado 80112. The sole member of ECP is a citizen of Delaware for diversity purposes.

      2.     Joseph Norton is an individual residing at 771 Thomas S. Boyland Street, Brooklyn, New York 11212.

      3.     Thema Norton is an individual residing at 771 Thomas S. Boyland Street, Brooklyn, New York 11212. Ms. Norton is the sole owner of Borrower (defined below).

## VENUE

4. Venue of this action is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as Mr. Norton consented to jurisdiction in the Eastern District of New York and resides in the Eastern District of New York, and a substantial part of the events giving rise to ECP's claims against Ms. Norton occurred in the Eastern District of New York.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 on the grounds that this civil action constitutes a controversy between citizens of different states and the amount in controversy exceeds $75,000.00.

## FACTUAL ALLEGATIONS

**The Building Loan**

6. On August 20, 2008, Riverrock Nehemiah Realty LLC ("Borrower") and Banco Popular North America ("Banco Popular") entered into a Building Loan Agreement (the "Building Loan Agreement") and related agreements and documents that established a $1,912,341.00 commercial loan (the "Building Loan") to Borrower and otherwise to reflect certain loan agreements between the parties. A copy of the Building Loan Agreement is annexed hereto as Exhibit 1.

7. Borrower and Banco Popular entered into a $1,912,341.00 Building Loan Note (the "Original Building Loan Note") on August 20, 2008 that evidenced the Building Loan. A copy of the Original Building Loan Note is annexed hereto as Exhibit 2.

8. The Original Building Loan Note included Borrower's promise to make certain payments to Banco Popular and to perform various other obligations.

9. Borrower subsequently entered into a Building Loan Note Extension and Modification Agreement (the "Building Loan Note Modification Agreement") with Banco Popular on December 8, 2010. Among other things, the Building Loan Note Modification Agreement reduced the principal amount of the Original Building Loan Note to $1,887,583.56 and extended the maturity date of the Original Building Loan Note to March 31, 2011. A copy of the Building Loan Note Modification Agreement is annexed hereto as Exhibit 3.

10. Together, the Original Building Loan Note and the Building Loan Note Modification Agreement are referred to as the "Building Loan Note."

**The Project Loan**

11. Also on August 20, 2008, Borrower and Banco Popular entered into a Project Loan Agreement (the "Project Loan Agreement") and related agreements and documents that established a $349,669.00 commercial loan (the "Project Loan") to Borrower and otherwise to reflect certain loan agreements between the parties. A copy of the Project Loan Agreement is annexed hereto as Exhibit 4.

12. Borrower and Banco Popular entered into a $349,669.00 Project Loan Note (the "Original Project Loan Note") on August 20, 2008 that evidenced the Project Loan. A copy of the Original Project Loan Note is annexed hereto as Exhibit 5.

13. The Original Project Loan Note included Borrower's promise to make certain payments to Banco Popular and to perform various other obligations.

14. Borrower subsequently entered into a Project Loan Note Extension and Modification Agreement (the "Project Loan Note Modification Agreement") with Banco Popular on December 8, 2010. Among other things, the Project Loan Note Modification Agreement reduced the principal amount of the Original Project Loan Note to $97,327.83 and extended the

maturity date of the Original Project Loan Note to March 31, 2011.  A copy of the Project Loan Note Modification Agreement is annexed hereto as Exhibit 6.

15. Also on August 20, 2008, Borrower executed an Assignment of Leases and Rents (the "Assignment of Leases and Rents") in favor of Banco Popular.  Among other things, the Assignment of Rents granted to Banco Popular a lien on and security interest in all rents, revenues, income, and other benefits of certain commercial real property and improvements more fully described in the Assignment of Leases and Rents (collectively, the "Property").  A copy of the Assignment of Leases and Rents is annexed hereto as Exhibit 7.

16. Banco Popular evidenced its interest in the Property, chattels, intangibles, rents, revenues, income and other benefits of the Property, and all proceeds of any of the foregoing, by filing a financing statement with the New York State Secretary of State, which the Secretary of State recorded on October 10, 2008 as filing number 200810100693968.  Banco Popular filed a continuation statement with the New York State Secretary of State, which the Secretary of State recorded on May 10, 2013 as filing number 201305105507770.  Copies of the financing statement and the continuation statement are annexed hereto collectively as Exhibit 8.

17. Together, the Original Project Loan Note and the Project Loan Note Modification Agreement are referred to as the "Project Loan Note."

18. Together, the Building Loan Agreement and the Project Loan Agreement are referred to as the "Loan Agreements."

19. Together, the Building Loan Note and the Project Loan Note are referred to as the "Notes."

20. Collectively, the Loan Agreements, the Notes, and all other related documents, instruments and agreements evidencing Borrower's obligations and indebtedness to Banco Popular are referred to as the "Loan Documents."

**Mr. Norton's Guaranty**

21. By the terms of a Guaranty of Payment dated August 20, 2008 (the "Original Payment Guaranty"), Mr. Norton absolutely and unconditionally guaranteed the performance and payment of Borrower's obligations to Banco Popular. A copy of the Original Payment Guaranty is annexed hereto as Exhibit 9.

22. Mr. Norton subsequently executed a December 8, 2010 Reaffirmation of Guaranty of Payment (the "Reaffirmation Guaranty") in favor of Banco Popular, whereby he reaffirmed and ratified the terms and conditions of the Original Payment Guaranty and acknowledged the extensions of the maturity dates of the Building Loan Note and the Project Loan Note. A copy of the Reaffirmation Guaranty is annexed hereto as Exhibit 10.

23. Together, the Original Payment Guaranty and the Reaffirmation Guaranty are referred to as the "Guaranty."

**Defaults and Acceleration**

24. The Notes matured on March 31, 2011 (the "Maturity Date").

25. Borrower defaulted on its obligations to Banco Popular under the Notes and the Loan Agreements by, among other things, failing to pay Banco Popular all amounts due under the Loan Documents on the Maturity Date.

26. Banco Popular, through its counsel, notified Borrower of Borrower's default and made demand upon Borrower for payment. Copies of demand letters from Banco Popular's counsel to Borrower are annexed hereto collectively as Exhibit 11.

27. Despite demand, Borrower failed and refused to make payment of its outstanding obligations to Banco Popular.

**Banco Popular's Assignment of the Loan Documents to ECP**

28. By a Loan Purchase and Sale Agreement dated September 3, 2014, Banco Popular assigned to ECP all of Banco Popular's right, title, and interest in and to the Loan Documents and all amounts due thereunder.

29. Copies of the Allonges to the Building Loan Note and the Project Loan Note are annexed hereto collectively as Exhibit 12.

30. ECP recorded in the New York City Department of Finance, Office of the City Register, an Assignment of Leases and Rents dated September 22, 2014, assigning the Assignment of Leases and Rents from Banco Popular to ECP. The City Register recorded the instrument as document number 2014100300379001. A copy of the recorded instrument is annexed hereto as Exhibit 13.

31. ECP recorded with the New York Secretary of State and with the New York City Department of Finance, Office of the City Register, financing statement amendments listing ECP as secured party. The Secretary of State recorded the instruments as document numbers 201410238421579 and 201410238421581, and the City Register recorded the instrument as document number 2014102400685001. Copies of these recorded instruments are annexed hereto collectively as Exhibit 14.

32. ECP, through its counsel, notified Mr. Norton of Borrower's default under the Loan Documents and made demand upon Mr. Norton for payment under the Guaranty. A copy of the demand letter from ECP's counsel to Mr. Norton is annexed hereto as Exhibit 15.

33. Mr. Norton defaulted under the Guaranty by failing and refusing to pay and perform thereunder.

34. To date, Mr. Norton remains in default under the Guaranty.

35. Beginning in September 2014 through the present, Borrower failed and refused to remit collections of tenant rents at the Property to ECP. Instead of remitting collections of tenant rents to ECP, ECP alleges that Ms. Norton deposited the collections of rents into bank accounts owned or controlled by Borrower or her and beyond ECP's reach.

36. The rents represent ECP's collateral for its loans to Borrower.

37. Section 5 of the Assignment of Leases and Rents provides that upon the occurrence of an event of default under any of the Loan Documents, Borrower shall instruct its tenants to pay all rents to ECP. Borrower is in default of the Loan Documents as described above. ECP notified the tenants at the Property of their obligation to make their rental payments to ECP instead of to Borrower, however the tenants failed and refused to make payment to ECP.

38. To date, Ms. Norton has failed and refused to remit collections of rents to ECP despite demand therefor.

## **COUNT ONE**

39. ECP repeats and realleges paragraphs 1 through 35 herein.

40. Mr. Norton is in default pursuant to the terms of the Guaranty.

41. Pursuant to the Guaranty, there is due and owing to ECP from Mr. Norton as of November 26, 2014 the sum of $2,352,168.24, plus interest, costs and fees, including attorneys' fees.

42. ECP demands judgment against Mr. Norton for his breach of contract in the amount of $2,352,168.24, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

## COUNT TWO

43. ECP repeats and realleges paragraphs 1 through 39 herein.

44. Ms. Norton failed and refused to remit collections of tenant rents at the Property to ECP, and instead deposited the collections of rents into bank accounts owned or controlled by Borrower or her and beyond ECP's reach.

45. Ms. Norton has no right, title, claim, or interest in and to the rents, which serve as ECP's collateral for its loans to Borrower.

46. Ms. Norton is not entitled to assert any statutory lien or other claim against the rents.

47. Ms. Norton's refusal to turn over the rents to ECP after demand is an intentional and unlawful exercise of ownership, dominion, and control by Ms. Norton of ECP's collateral and constitutes Ms. Norton's denial and repudiation of ECP's rights to immediate and final possession of the funds.

48. Ms. Norton knew that she did not own or have any claim to possession of the rents at the time she came into possession thereof. Despite this, Ms. Norton refuses to pay or surrender the rents to ECP. Ms. Norton is deliberately preventing ECP from mitigating its damages and protecting its interest in its collateral.

49. Ms. Norton is using and consuming the funds without making payments to ECP.

50. ECP demands judgment against Ms. Norton for her conversion in the amount of $140,681.02, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

**WHEREFORE:**

Plaintiff, ECP Property II LLC, demands:

1. On the first claim against defendant Joseph Norton, judgment in the amount of $2,352,168.24, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

2. On the second claim against defendant Thema Norton, judgment in the amount of $140,681.02, or such amount as may be proved at trial, plus interest, costs and fees, including attorneys' fees.

3. On all claims hereunder, such other and further relief as maybe appropriate.

Dated: July 31, 2015                **Leitess Friedberg PC**

                                                 /s/ Gordon S. Young
Jeremy S. Friedberg (JF-3772)
Gordon S. Young (GY-8331)
10451 Mill Run Circle, Suite 1000
Baltimore, Maryland 21117
jeremy.friedberg@lf-pc.com
gordon.young@lf-pc.com
(410) 581-7400
(410) 581-7410 (facsimile)

*Attorneys for ECP Property II LLC*

# U.S. District Court
## Eastern District of New York (Brooklyn)
### CIVIL DOCKET FOR CASE #: 1:14-cv-07298-FB-PK

| | |
|---|---|
| ECP Property II LLC v Norton | Date Filed: 12/15/2014 |
| Assigned to: Judge Frederic Block | Date Terminated: 04/02/2018 |
| Referred to: Magistrate Judge Peggy Kuo | Jury Demand: None |
| Demand: $235,000 | Nature of Suit: 190 Contract: Other |
| Cause: 28:1332 Diversity-Breach of Contract | Jurisdiction: Diversity |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/15/2014 | 1 | COMPLAINT against Joseph Norton filing fee $ 400, receipt number 0207-7399883 Was the Disclosure Statement on Civil Cover Sheet completed -YES,, filed by ECP Central LLC. (Attachments: # 1 Civil Cover Sheet Case Cover Sheet, # 2 Proposed Summons Proposed Summons, # 3 Exhibit 1, # 4 Exhibit 2, # 5 Exhibit 3, # 6 Exhibit 4, # 7 Exhibit 5, # 8 Exhibit 6, # 9 Exhibit 7, # 10 Exhibit 8, # 11 Exhibit 9, # 12 Exhibit 10, # 13 Exhibit 11) (Young, Gordon) (Main Document 1 replaced on 12/16/2014) (Davis, Kimberly). (Attachment 1 replaced on 12/16/2014) (Davis, Kimberly). (Attachment 2 replaced on 12/16/2014) (Davis, Kimberly). (Entered: 12/15/2014) |
| 12/16/2014 | | Case Assigned to Judge Frederic Block and Magistrate Judge Viktor V. Pohorelsky. (Davis, Kimberly) (Entered: 12/16/2014) |
| 12/16/2014 | 2 | In accordance with Rule 73 of the Federal Rules of Civil Procedure and Local Rule 73.1, the parties are notified that *if* all parties consent a United States magistrate judge of this court is available to conduct all proceedings in this civil action including a (jury or nonjury) trial and to order the entry of a final judgment. Attached to the Notice is a blank copy of the consent form that should be filled out, signed and filed electronically **only if all** parties wish to consent. The form may also be accessed at the following link:http://www.uscourts.gov/uscourts/FormsAndFees/Forms/AO085.pdf. **You may withhold your consent without adverse substantive consequences**. **Do NOT return or file the consent unless all parties have signed the consent.** (Davis, Kimberly) (Entered: 12/16/2014) |
| 12/16/2014 | 3 | This attorney case opening filing has been checked for quality control. See the attachment for corrections that were made, if any. (Davis, Kimberly) (Entered: 12/16/2014) |
| 12/16/2014 | 4 | Summons Issued as to Joseph Norton. (Davis, Kimberly) (Entered: 12/16/2014) |
| 01/27/2015 | 5 | SUMMONS Returned Executed by ECP Property II LLC. Joseph Norton served on 1/15/2015, answer due 2/5/2015. (Young, Gordon) (Entered: 01/27/2015) |
| 01/28/2015 | | SCHEDULING ORDER: An initial conference will be held in this case on **March 19, 2015 at 11:00 a.m.** before Viktor V. Pohorelsky, United States Magistrate Judge in Courtroom 13A of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. All parties are directed to make the disclosures required by Rules 26(a)(1) of the Federal Rules of Civil Procedure no later than *five days before* the conference. **All counsel are required to attend, and plaintiff's counsel is directed to ensure that all counsel are aware of their obligation to appear.** Any requests for adjournment must be made in writing on notice to opposing parties, and must disclose whether or not all parties consent. No request for adjournment will be considered unless made at least forty-eight (48) hours |

| | | |
|---|---|---|
| | | before the scheduled conference. Ordered by Magistrate Judge Viktor V. Pohorelsky on 1/28/2015. (Newton, Joan) (Entered: 01/28/2015) |
| 01/30/2015 | 6 | MOTION for Leave to Appear Pro Hac Vice *(Jeremy S. Friedberg)* Filing fee $ 150, receipt number 0207-7491400. by ECP Property II LLC. (Young, Gordon) (Entered: 01/30/2015) |
| 02/02/2015 | | ORDER granting 6 motion for Jeremy S. Friedberg to appear Pro Hac Vice. Counsel shall register with ECF and file a notice of appearance. Ordered by Magistrate Judge Viktor V. Pohorelsky on 2/2/2015. (Toritto, Jim) (Entered: 02/02/2015) |
| 02/02/2015 | 7 | NOTICE of Appearance by Jeremy S. Friedberg on behalf of ECP Property II LLC (aty to be noticed) (Friedberg, Jeremy) (Entered: 02/02/2015) |
| 02/11/2015 | 8 | Request for Certificate of Default by ECP Property II LLC (Attachments: # 1 Proposed Order) (Young, Gordon) (Entered: 02/11/2015) |
| 03/03/2015 | 9 | AFFIDAVIT/AFFIRMATION re 5 Summons Returned Executed, 4 Summons Issued *(Service by Mailing)* by ECP Property II LLC (Attachments: # 1 Exhibit 1) (Young, Gordon) (Entered: 03/03/2015) |
| 03/03/2015 | 10 | Letter *to Clerk of the Court* by ECP Property II LLC (Young, Gordon) (Entered: 03/03/2015) |
| 03/05/2015 | 11 | Clerk's ENTRY OF DEFAULT It appearing from the docket maintained in this action that Defendant Joseph Norton has failed to appear or otherwise defend this action, the default of Defendant Joseph Norton is hereby noted pursuant to Rule 55a of the Federal Rules of Civil Procedure. (Hamilton, Janet) (Entered: 03/05/2015) |
| 03/17/2015 | 12 | MOTION for Default Judgment *Against Defendant Joseph Norton* by ECP Property II LLC. Responses due by 4/3/2015 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Notice of Motion) (Young, Gordon) (Entered: 03/17/2015) |
| 03/17/2015 | | ELECTRONIC ORDER REFERRING: Plaintiff's 12 motion default judgment to MJ POHORELSKY for an inquest or hearing to determine liablity and damages and then issue a report and recommendation. Ordered by Judge Frederic Block on 3/17/2015. Motions referred to Viktor V. Pohorelsky. (Innelli, Michael) (Entered: 03/17/2015) |
| 03/17/2015 | 13 | MOTION to Adjourn Conference *Scheduled for March 19, 2015 at 11:00 a.m.* by ECP Property II LLC. (Young, Gordon) (Entered: 03/17/2015) |
| 03/18/2015 | | ORDER granting 13 Motion to Adjourn Conference. In view of the motion for default judgment being referred to the undersigned for a report & recommendation, the 3/19/15 Initial Conference is canceled. Ordered by Magistrate Judge Viktor V. Pohorelsky on 3/18/2015. (Newton, Joan) (Entered: 03/18/2015) |
| 04/22/2015 | 14 | SCHEDULING ORDER for further submissions re 12 MOTION for Default Judgment. Upon receipt of the attached order, the plaintiff is directed to promptly serve a copy of this order on the defaulting defendant by certified mail, return receipt requested, and to file a certification of such service in the record. Ordered by Magistrate Judge Viktor V. Pohorelsky on 4/22/2015. (Toritto, Jim) (Entered: 04/22/2015) |
| 04/22/2015 | 15 | AFFIDAVIT/AFFIRMATION re 14 Scheduling Order, by ECP Property II LLC (Young, Gordon) (Entered: 04/22/2015) |
| 07/28/2015 | 16 | MOTION to Amend/Correct/Supplement 1 Complaint,, *(Motion for Leave to File Amended Complaint)* by ECP Property II LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Order) (Young, Gordon) (Entered: 07/28/2015) |
| 07/29/2015 | | ORDER granting 16 Motion to Amend. The plaintiff shall file and serve the amended |

| | | |
|---|---|---|
| | | complaint forthwith. Ordered by Magistrate Judge Viktor V. Pohorelsky on 7/29/2015. (Toritto, Jim) (Entered: 07/29/2015) |
| 07/31/2015 | 17 | AMENDED COMPLAINT against All Defendants, filed by ECP Property II LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Proposed Summons - Thema Norton) (Young, Gordon) (Entered: 07/31/2015) |
| 08/03/2015 | 18 | Summons Issued as to Thema Norton. (Piper, Francine) (Entered: 08/03/2015) |
| 09/15/2015 | 19 | SUMMONS Returned Executed by ECP Property II LLC. Thema Norton served on 9/14/2015, answer due 10/5/2015. (Young, Gordon) (Entered: 09/15/2015) |
| 10/16/2015 | | Case Reassigned to Magistrate Judge Peggy Kuo. Magistrate Judge Viktor V. Pohorelsky no longer assigned to the case.Please continue to follow the individual practices of Magistrate Judge Pohorelsky, located on our website, where applicable until further notice.Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Motions referred to Peggy Kuo. (Mahoney, Brenna) (Entered: 10/16/2015) |
| 10/21/2015 | 20 | ANSWER to 17 Amended Complaint, by Joseph Norton, Thema Norton. (Joseph, Narissa) (Entered: 10/21/2015) |
| 10/21/2015 | 21 | AFFIDAVIT of Service for Answer served on Gordon A. Young ESQ at Leitess Friedberg PC on 10/21/2015, filed by Joseph Norton, Thema Norton. (Joseph, Narissa) (Entered: 10/21/2015) |
| 12/03/2015 | | SCHEDULING ORDER: An initial conference will be held in this case on **December 17, 2015 at 3:30 p.m.** before Peggy Kuo, United States Magistrate Judge in Courtroom N322 of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. All parties are directed to make the disclosures required by Rules 26(a)(1) of the Federal Rules of Civil Procedure no later than *five days before* the conference. **All counsel are required to attend.** Any requests for adjournment must be made in writing on notice to opposing parties, and must disclose whether or not all parties consent. No request for adjournment will be considered unless made at least forty-eight (48) hours before the scheduled conference. (MS) (Entered: 12/03/2015) |
| 12/11/2015 | 22 | MEMORANDUM & ORDER: ECPs motion 12 is denied. Ordered by Judge Frederic Block on 12/11/2015. (mji) (Entered: 12/11/2015) |
| 12/16/2015 | 23 | Letter *Rule 26(a) disclosure* by Joseph Norton, Thema Norton (Joseph, Narissa) (Entered: 12/16/2015) |
| 12/17/2015 | 24 | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Initial Conference held on 12/17/2015. Attorney Gordon S. Young appeared on behalf of plaintiff. Attorney Narissa Adrienne Joseph appeared on behalf of defendants. The attached Scheduling Order was entered setting deadlines for discovery and other pretrial proceedings. A telephone status conference will be held on 3/23/2016 at 10:00 am, before Magistrate Judge Peggy Kuo. Plaintiff's counsel to initiate call by calling Chambers at 718-613-2400. (Tape #3:45-3:58.) (Riquelme, Claudia) (Entered: 12/18/2015) |
| 03/23/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Telephone status conference held on 3/23/2016. Attorney **Gordon S. Young** appeared on behalf of Plaintiff. Attorney **Narissa A. Joseph** appeared on behalf of Defendants. Defendants' counsel made an oral motion for an extension of time to respond to Plaintiff's discovery requests. The Court granted the unopposed motion, and extended the time for Defendants to respond to Plaintiff's discovery requests to **March 31, 2016**. Defendants' counsel stated that |

| | | |
|---|---|---|
| | | Defendants do not intend to serve discovery requests or to notice depositions. The deadline for completing fact discovery remains set for April 18, 2016, and two depositions that Plaintiff expects to take should be completed by that date. On or before **April 18, 2016**, the parties should file a joint letter certifying that fact discovery is complete. A telephone status conference will be held on **April 20, 2016 at 10:00 a.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel shall initiate the call, with Defendants' counsel on the line, by calling Chambers at 718-613-2400. (Tape #10:08-10:16). (Shterngel, Max) (Entered: 03/23/2016) |
| 04/06/2016 | 25 | STIPULATION of Dismissal *As to Defendant Joseph Norton Without Prejudice* by ECP Property II LLC (Young, Gordon) (Entered: 04/06/2016) |
| 04/06/2016 | | ELECTRONIC Order Dismissing: Defendant Joseph Norton, only. See entry 25 . Ordered by Judge Frederic Block on 4/6/2016. (Innelli, Michael) (Entered: 04/06/2016) |
| 04/18/2016 | 26 | Letter *re Completion of Fact Discovery* by ECP Property II LLC (Young, Gordon) (Entered: 04/18/2016) |
| 04/19/2016 | 27 | MOTION to Compel *Discovery Responses* by ECP Property II LLC. (Young, Gordon) (Entered: 04/19/2016) |
| 04/21/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo and ORDER granting 27 Motion to Compel Discovery Responses. Telephone status conference held on 4/20/2016. Attorney **Gordon S. Young** appeared on behalf of Plaintiff. Attorney **Narissa A. Joseph** appeared on behalf of Defendant Thema Norton. Defendant's counsel acknowledged that no documents have been produced in response to Plaintiff's discovery requests because she has not received any documents from Ms. Norton, despite counsel's warning to her clients about the consequences of failing to comply with discovery obligations. The Court ordered Defendant's counsel to produce responsive documents and respond to Plaintiff's interrogatories by **April 26, 2016**. Plaintiff's motion to compel at 27 is granted to this extent. On the parties' joint request, the Court extended the deadline for the completion of fact discovery to **May 31, 2016** to allow Plaintiff to make any follow-up discovery requests upon review of documents to be produced and interrogatory responses, and for a possible deposition of Ms. Norton. The parties should file a joint letter by **May 31, 2016** certifying that discovery is complete, as Plaintiff's letter at 26 incorrectly stated that discovery was complete. Plaintiff's counsel stated that Plaintiff plans to file a dispositive motion. In conformity with the new deadlines, the Court extended the deadline for requesting a pre-motion conference with Judge Block on any dispositive motions to **June 13, 2016**. A telephone status conference is scheduled for **July 26, 2016 at 10:00 a.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel shall initiate the call, with Defendants' counsel on the line, by calling Chambers at 718-613-2400. (Tape #: 10:28-10:37.) (Shterngel, Max) (Entered: 04/21/2016) |
| 04/29/2016 | 29 | MOTION for Sanctions by ECP Property II LLC. (Young, Gordon) (Entered: 04/29/2016) |
| 05/02/2016 | | ELECTRONIC ORDER REFERRING: Plaintiff's motion 29 for discovery sanctions to MJ Kuo to decide. Ordered by Judge Frederic Block on 5/2/2016. Motions referred to Peggy Kuo. (Innelli, Michael) (Entered: 05/02/2016) |
| 05/03/2016 | | SCHEDULING ORDER: In accordance with Section V.A.1.e of the Court's Individual Practice Rules, any response by Defendant Thema Norton to Plaintiff's motion for sanctions at 29 shall be filed by **May 6, 2016**. Ordered by Magistrate Judge Peggy Kuo on 5/3/2016. (Shterngel, Max) (Entered: 05/03/2016) |
| 05/06/2016 | 30 | RESPONSE in Opposition re 29 MOTION for Sanctions , 27 MOTION to Compel *Discovery Responses* filed by Thema Norton. (Joseph, Narissa) (Entered: 05/06/2016) |
| 05/09/2016 | 31 | MOTION for Leave to File *Reply* by ECP Property II LLC. (Attachments: # 1 Exhibit) |

| | | |
|---|---|---|
| | | (Young, Gordon) (Entered: 05/09/2016) |
| 05/09/2016 | | ORDER granting 31 Motion for Leave to File Reply. Plaintiff is granted leave to file the Reply submitted as Exhibit 1, and must do so <u>before</u> the end of the day on **May 9, 2016**. Ordered by Magistrate Judge Peggy Kuo on 5/9/2016. (Feldman, Shira) (Entered: 05/09/2016) |
| 05/09/2016 | | SCHEDULING ORDER: A Telephone Conference regarding 29 Plaintiff's Motion for Sanctions is scheduled for **May 10, 2016 at 10:30 a.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel is to initiate the call by bringing defense counsel onto the line and then dialing Chambers (718.613.2400). Ordered by Magistrate Judge Peggy Kuo on 5/9/2016. (Feldman, Shira) (Entered: 05/09/2016) |
| 05/09/2016 | 32 | REPLY to Response to Motion re 29 MOTION for Sanctions filed by ECP Property II LLC. (Attachments: # 1 Exhibit 1) (Young, Gordon) (Entered: 05/09/2016) |
| 05/10/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Telephone Conference held on 5/10/2016. Attorney **Gordon Young** for Plaintiff. Attorney **Narissa Joseph** for Defendant. The parties discussed Plaintiff's 29 motion for sanctions. The Court stated that the interrogatory answers previously provided by Defendant were so insufficient as to be equivalent to Defendant having not answered the interrogatories. The Court will issue an Order to Show Cause that will constitute a final warning to Defendant to respond properly to discovery, or sanctions will be imposed. Plaintiff is asking that the Answer be stricken and that the Court make an on-the-record finding as to the total amount of Plaintiff's damages; in the alternative, Plaintiff asks that the Court enter default judgment. In addition, Plaintiff seeks attorney's fees for the motion to compel. A submission from Plaintiff regarding the attorney's fees is due by **May 13, 2016**. A telephone status conference is scheduled for **June 23, 2016 at 12:00 p.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel is to initiate the call by bringing defense counsel onto the line and then dialing Chambers (718.613.2400). (Tape #10:37-11:05.) (Feldman, Shira) (Entered: 05/11/2016) |
| 05/13/2016 | 33 | AFFIDAVIT/AFFIRMATION re 32 Reply to Response to Motion, 29 MOTION for Sanctions *(Expenses Incurred in Prosecution of Motion for Discovery Sanctions)* by ECP Property II LLC (Attachments: # 1 Exhibit 1) (Young, Gordon) (Entered: 05/13/2016) |
| 05/16/2016 | | ORDER TO SHOW CAUSE: Defendant Thema Norton is ordered to serve complete and truthful responses to Plaintiff's interrogatories by **May 20, 2016**, and to show cause by that date why the Court should not impose sanctions on her under Rule 37, including, but not limited to, Plaintiff's reasonable attorneys' fees and costs. Ordered by Magistrate Judge Peggy Kuo on 5/16/2016. (Shterngel, Max) (Entered: 05/16/2016) |
| 05/20/2016 | 34 | RESPONSE in Opposition re 31 MOTION for Leave to File *Reply*, 29 MOTION for Sanctions , 27 MOTION to Compel *Discovery Responses Opposition to ORder to Show Cause* filed by Thema Norton. (Joseph, Narissa) (Entered: 05/20/2016) |
| 05/24/2016 | 35 | Letter *to Judge Kuo re Defendant's Opposition to Show Cause Order* by ECP Property II LLC (Young, Gordon) (Entered: 05/24/2016) |
| 05/27/2016 | | SCHEDULING ORDER: A telephone conference on the issue of Plaintiff's motion for sanctions at 29 is scheduled for **June 3, 2016 at 11:00 a.m.** Plaintiff's counsel shall initiate the call, with Defendant's counsel on the line, by calling Chambers at 718-613-2400. Ordered by Magistrate Judge Peggy Kuo on 5/27/2016. (Shterngel, Max) (Entered: 05/27/2016) |
| 06/03/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Telephone Conference held on 6/3/2016 and ORDER granting in part 29 Plaintiff's motion for sanctions. Attorney **Gordon S. Young** appeared on behalf of Plaintiff. Attorney **Narissa A.** |

| | | |
|---|---|---|
| | | Joseph appeared on behalf of Defendant Thema Norton. The Court heard further argument on Plaintiff's motion for sanctions at 29 . The Court ordered that Defendant Thema Norton shall compensate Plaintiff in the amount of $1,397.00 in Plaintiff's attorneys' fees as a sanction for Defendant's delayed and deficient responses to Plaintiff's discovery requests. At the risk of further sanctions under Rule 37 sought by Plaintiff at 29 , the Court ordered Defendant Thema Norton, by June 17, 2016, to correct deficiencies in her May 19, 2016 discovery responses, including interrogatory responses that are not signed by Ms. Norton, and objections to Plaintiff's document requests that do not clearly state whether Ms. Norton is in possession, custody or control of the requested documents and whether any documents are being withheld on the basis of any valid objections, as required by Rule 34. If Plaintiff's counsel wishes to file a letter with the Court regarding Defendant Thema Norton's compliance with the Court's orders, the letter shall be filed by June 27, 2016. The Court stated that the issue of any sanctions related to Ms. Norton's delayed responses to Plaintiff's Requests for Admission will be considered at the next status conference. The Court stated that a subpoena directed to dismissed defendant Joseph Norton may be appropriate, and Plaintiff's counsel agreed. The Court lifted the June 13, 2016 deadline for requesting a pre-motion conference on any dispositive motions. The Court adjourned the telephone status conference scheduled for June 23, 2016 to **June 30, 2016 at 1:00 p.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel is to initiate the call by bringing Defendant's counsel onto the line and then dialing Chambers (718.613.2400). (Tape #: 11:06-11:42.) (Shterngel, Max) (Entered: 06/06/2016) |
| 06/18/2016 | 36 | RESPONSE in Opposition re 29 MOTION for Sanctions , 27 MOTION to Compel *Discovery Responses* filed by Thema Norton. (Joseph, Narissa) (Entered: 06/18/2016) |
| 06/27/2016 | 37 | MOTION for Sanctions *(Further Sanctions under Rule 37)* by ECP Property II LLC. (Young, Gordon) (Entered: 06/27/2016) |
| 06/30/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Telephone Conference held on 6/30/2016 and ORDER denying 37 Plaintiff's motion for further sanctions. Attorney **Gordon S. Young** appeared on behalf of Plaintiff. Attorney **Narissa A. Joseph** appeared on behalf of Defendant Thema Norton. Plaintiff's counsel stated that Plaintiff is still seeking bank documents such as deposit slips and copies of cancelled checks, as well as copies of tenant leases, from Defendant. The Court directed Plaintiff's counsel to provide a list of the specific documents he is seeking to Defendant's counsel by **July 6, 2016**. Defendant Ms. Norton shall request those documents from the bank by **July 15, 2016**, and shall inform the bank that the Court has established **August 15, 2016** as the deadline for the bank to provide the requested documents. Plaintiff's counsel stated his intention to serve Joseph Norton with a subpoena for documents. Ms. Joseph will inform Plaintiff's counsel whether she will accept service of that subpoena. The Court suggested that Plaintiff notice the deposition of Defendant Ms. Norton if he seeks further clarity regarding documents. Defendant's counsel agreed to provide Plaintiff's counsel with a copy of Ms. Norton's affidavit bearing her signature, as well as Ms. Norton's interrogatory responses bearing her signature. Defendant's counsel withdrew Defendant's objections to certain of Plaintiff's interrogatories and requests for document production, as Defendant has affirmed that she has turned over all information and documents in her possession, custody or control. The Court ordered Defendant Ms. Norton to pay Plaintiff the previously-ordered discovery sanction of $1,397.00 by **August 30, 2016**. The Court denied Plaintiff's request, renewed at 37 , to sanction Defendant for her belated responses to Plaintiff's Requests for Admission. The Court directed the parties to file a joint status report by **July 22, 2016** that should include a proposed scheduling order for the completion of discovery. A telephone status conference remains scheduled for **July 26, 2016 at 10:00 a.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel shall initiate the call, with Defendants' counsel on the line, by calling Chambers at 718-613-2400. (Tape #: 1:04-1:29). (Shterngel, Max) (Entered: 07/01/2016) |

| | | |
|---|---|---|
| 07/22/2016 | 38 | STATUS REPORT *(Joint)* by ECP Property II LLC (Young, Gordon) (Entered: 07/22/2016) |
| 07/25/2016 | | SCHEDULING ORDER: The Telephone Status Conference set for **July 26, 2016** before Magistrate Judge Peggy Kuo **is adjourned from 10:00 am to 11:00 am.** Plaintiff's counsel shall initiate the call, with Defendants' counsel on the line, by calling Chambers at 718-613-2400. Ordered by Magistrate Judge Peggy Kuo on 7/25/2016. (Riquelme, Claudia) (Entered: 07/25/2016) |
| 07/26/2016 | 39 | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Telephone Status Conference held on 7/26/2016. Attorney **Gordon S. Young** appeared on behalf of Plaintiff. Attorney **Narissa A. Joseph** appeared on behalf of Defendant Thema Norton. Minutes of the conference setting forth the Court's schedulings and rulings are attached. A telephone status conference is scheduled for **September 22, 2016 at 10:00 a.m.** before Magistrate Judge Peggy Kuo. Plaintiff's counsel shall initiate the call, with Defendants' counsel on the line, by calling Chambers at 718-613-2400. (Tape #: 11:08-11:24). (Shterngel, Max) (Entered: 07/27/2016) |
| 09/02/2016 | 40 | AFFIDAVIT/AFFIRMATION *of Service of Subpoena Duces Tecum- Joseph Norton* by ECP Property II LLC (Young, Gordon) (Entered: 09/02/2016) |
| 09/02/2016 | 41 | AFFIDAVIT/AFFIRMATION *of Service of Subpoena Duces Tecum- Odinga Bascom Tax Consulting* by ECP Property II LLC (Young, Gordon) (Entered: 09/02/2016) |
| 09/02/2016 | 42 | AFFIDAVIT/AFFIRMATION *of Service of Subpoena Duces Tecum- Riverrock Nehemiah Realty, LLC* by ECP Property II LLC (Young, Gordon) (Entered: 09/02/2016) |
| 09/09/2016 | 43 | MOTION for Sanctions by ECP Property II LLC. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3) (Young, Gordon) (Entered: 09/09/2016) |
| 09/12/2016 | | SCHEDULING ORDER: The telephone status conference scheduled for **September 22, 2016 at 10:00 a.m.** is converted to a hearing on Plaintiff's motion for sanctions at 43 at the same date and time, in Courtroom 322 North before Magistrate Judge Peggy Kuo. The Court orders Defendant Thema Norton and her attorney Narissa Joseph to be present in person. Plaintiff's counsel may appear in person or by telephone. Any response by Defendant to the motion at 43 shall be filed by **September 16, 2016**. Ordered by Magistrate Judge Peggy Kuo on 9/12/2016. (Shterngel, Max) (Entered: 09/12/2016) |
| 09/17/2016 | 44 | MOTION for Extension of Time To File Response re 43 MOTION for Sanctions by Thema Norton. (Joseph, Narissa). Modified on 9/19/2016 to reflect that this is a Motion for Extension of Time, not an Affidavit. (Shterngel, Max). (Entered: 09/17/2016) |
| 09/19/2016 | | ORDER denying 44 Motion for Extension of Time to File Response. Defendant Thema Norton's motion requesting additional time to respond to Plaintiff's motion for sanctions at 43 is denied. Ms. Norton has been ordered to appear in person at the motion hearing before Magistrate Judge Peggy Kuo scheduled for **September 22, 2016 at 10:00 a.m.** in Courtroom 322 North, and she may respond to Plaintiff's motion for sanctions at that time. Ordered by Magistrate Judge Peggy Kuo on 9/19/2016. (Shterngel, Max) (Entered: 09/19/2016) |
| 09/22/2016 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo. Motion Hearing held on 9/22/2016 and ORDER TO SHOW CAUSE. The hearing was scheduled for argument on Plaintiff's motion for sanctions at 43 . Attorney **Gordon S. Young** appeared in person on behalf of Plaintiff. Defendant Thema Norton was ordered to appear in person, but did not appear. Defendant's attorney, **Narissa A. Joseph** did not appear. A paralegal named Tasha Townsend of Ms. Joseph's office was contacted by Chambers by telephone and spoke with the Court on the record. Ms. Townsend stated that Ms. Joseph was unable to attend the motion hearing because of a medical emergency involving Ms. Joseph's |

| | | |
|---|---|---|
| | | family member, possibly an Aunt, in Trinidad and Tobago. Ms. Townsend also stated she received information from Ms. Joseph that Defendant Norton was aware of the Court's order that she personally appear at the motion hearing, but that she had chosen not to appear because she is six months pregnant. Ms. Townsend also informed the Court that it was her understanding that Narissa Joseph had very recently filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York ("EDNY Bankruptcy Court"). The Court issued an Order to Show Cause why they each should not be sanctioned for their failure to appear at the motion hearing when ordered to appear, and their failure to request an adjournment of the motion hearing. Ms. Norton and Ms. Joseph are ordered to file sworn affidavits, by **October 6, 2016,** explaining their reasons for not attending the motion hearing and not seeking prior permission of the court not to appear. Shortly after the hearing was adjourned, the Court re-opened the hearing, with Mr. Young present and Ms. Townsend on the phone. Mr. Young informed the Court that he had just obtained information that Ms. Joseph had filed a bankruptcy petition on behalf of Thema Norton in the EDNY Bankruptcy Court at 10:09 a.m. on September 22, 2016. The Court expanded the Order to Show Cause by requiring the sworn affidavits of Defendant Thema Norton and attorney Narissa Joseph, due **October 6, 2016,** to include an explanation of why Ms. Joseph chose to file Ms. Norton's bankruptcy petition instead of appearing in this court as ordered. (Tape #10:27-10:35; 11:04-11:09.) (Riquelme, Claudia) (Entered: 09/28/2016) |
| 10/06/2016 | 45 | AFFIDAVIT/AFFIRMATION *RE: Circumstance for Absence* by Thema Norton (Joseph, Narissa) (Entered: 10/06/2016) |
| 11/01/2016 | | SCHEDULING ORDER: Defendant Thema Norton is provided until **November 7, 2016** to respond to the motion for sanctions at 43 . The hearing on Plaintiff's motion for sanctions is scheduled for **November 10, 2016 at 1:00 p.m.** in Courtroom 322 North before Magistrate Judge Peggy Kuo. Defendant Thema Norton, who stated in her Affidavit dated October 6, 2016 that she is "ready to appear," is directed to appear in person. Plaintiff's counsel may appear in person or by telephone by calling Chambers at 718-613-2400. Ordered by Magistrate Judge Peggy Kuo on 11/1/2016. (Shterngel, Max) (Entered: 11/01/2016) |
| 11/03/2016 | 46 | SUGGESTION OF BANKRUPTCY Upon the Record as to Thema Norton by ECP Property II LLC (Young, Gordon) (Entered: 11/03/2016) |
| 11/03/2016 | | ORDER: Any response by Defendant to the Suggestion of Bankruptcy filed by Plaintiff at 46 shall be filed by **November 7, 2016**, when any response to Plaintiff's motion for sanctions is due. Ordered by Magistrate Judge Peggy Kuo on 11/3/2016. (Shterngel, Max) (Entered: 11/03/2016) |
| 11/07/2016 | 47 | RESPONSE in Opposition re 43 MOTION for Sanctions , 44 MOTION for Extension of Time to File Response/Reply *Letter Regarding Bankruptcy filing* filed by Thema Norton. (Joseph, Narissa) (Entered: 11/07/2016) |
| 11/08/2016 | | ORDER and STATUS REPORT ORDER: In light of the information provided at 46 and 47 regarding an automatic stay arising from Defendant Thema Norton's filing of a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of New York bearing Case Number 1-16-44209-ess, this action is stayed pending the conclusion of the bankruptcy proceeding. The hearing on Plaintiff's motion for sanctions scheduled for November 10, 2016 is accordingly adjourned *sine die*. The parties shall file a joint status report by the earlier of **June 1, 2017**, or one week following the conclusion of the bankruptcy proceeding. Ordered by Magistrate Judge Peggy Kuo on 11/8/2016. (Shterngel, Max) (Entered: 11/08/2016) |
| 11/09/2016 | | ORDER ADMINISTRATIVELY DISMISSING CASE: Based upon the defendant notifying the Court that she has filed for bankruptcy 46 & 47 , the case as to defendant |

| | | |
|---|---|---|
| | | Thelma Norton is stayed and administratively closed without prejudice, subject to reopening on the application of any party if the bankruptcy proceeding is terminated without disposing of the claims asserted therein. Counsel shall still comply with MJ Kuo's status report order dated 11/8/16. Ordered by Judge Frederic Block on 11/9/2016. (Innelli, Michael) (Entered: 11/09/2016) |
| 04/20/2017 | 48 | STATUS REPORT *(Joint)* by ECP Property II LLC (Young, Gordon) (Entered: 04/20/2017) |
| 04/21/2017 | | ELECTRONIC ORDER: The parties joint letter application 48 requesting the bankruptcy stay be lifted and the case be re-opened is GRANTED. The case is referred to MJ Kuo to decide the issue of plaintiff's application 43 for sanctions with respect to a discovery dispute. Ordered by Judge Frederic Block on 4/21/2017. (Innelli, Michael) (Entered: 04/21/2017) |
| 04/21/2017 | | ORDER REOPENING CASE: The bankruptcy as to defendant Thema Norton has been resolved and the claims in this case remain pending. The parties joint letter application 48 to lift the stay and re-open the case is GRANTED. The case is reopened. Ordered by Judge Frederic Block on 4/21/2017. (Innelli, Michael) (Entered: 04/21/2017) |
| 04/24/2017 | | SCHEDULING ORDER: The hearing on 43 Plaintiff's Motion for Sanctions is set for **May 2, 2017 at 10:00 a.m** in Courtroom 11C South before Magistrate Judge Peggy Kuo. Ordered by Magistrate Judge Peggy Kuo on 4/24/2017. (Syed, Sofie) (Entered: 04/24/2017) |
| 04/28/2017 | | ORDER: The conference set for **May 2, 2017 at 10:00 a.m.** shall address the Court's September 22, 2016 Order to Show Cause in addition to 43 Plaintiff's Motion for Sanctions. <u>Both Defendant and Counsel for Defendant must be present for the hearing in Courtroom 11C South before Magistrate Judge Peggy Kuo.</u> If the parties need to reschedule, they must file a joint request at least 24 hours in advance of the hearing. Ordered by Magistrate Judge Peggy Kuo on 4/28/2017. (Syed, Sofie) (Entered: 04/28/2017) |
| 05/02/2017 | | Minute Entry for proceedings held before Magistrate Judge Peggy Kuo: Motion hearing held May 2, 2017. Attorney **Gordon S. Young** appeared for Plaintiffs. Attorney **Narissa A. Joseph** appeared on behalf of Defendant Thema Norton. Defendant Ms. Norton was present. Plaintiffs' Motion for Sanctions at 43 is denied. Ms. Joseph informed the Court that Ms. Norton filed a bankruptcy petition *pro se* on May 2, 2017. The Court cautioned Ms. Joseph and Ms. Norton against continued failures to timely inform Plaintiffs' counsel and the Court of such developments. The parties shall file a joint status report providing an update on discovery as soon as the bankruptcy action is resolved. (Tape #10:58-11:24.) (Syed, Sofie) (Entered: 05/02/2017) |
| 02/22/2018 | | STATUS REPORT ORDER: The parties are directed to file a joint status report by **March 1, 2018** providing an update on discovery or reporting on the status of the bankruptcy proceeding. Ordered by Magistrate Judge Peggy Kuo on 2/22/2018. (Riquelme, Claudia) (Entered: 02/22/2018) |
| 03/01/2018 | 49 | STATUS REPORT by ECP Property II LLC (Young, Gordon) (Entered: 03/01/2018) |
| 03/02/2018 | | ORDER: In light of the joint status report at 49, the parties are directed to file a Stipulation of Dismissal by **April 2, 2018**. Ordered by Magistrate Judge Peggy Kuo on 3/2/2018. (Syed, Sofie) (Entered: 03/02/2018) |
| 04/02/2018 | 50 | STIPULATION of Dismissal by ECP Property II LLC (Young, Gordon) (Entered: 04/02/2018) |
| 04/02/2018 | | ELECTRONIC ORDER DISMISSING CASE: See entry 50. Ordered by Judge Frederic |

Block on 4/2/2018. (Innelli, Michael) (Entered: 04/02/2018)

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 12/10/2020 19:23:46 | | | |
| **PACER Login:** | karamvirdahiya | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:14-cv-07298-FB-PK |
| **Billable Pages:** | 10 | **Cost:** | 1.00 |