

Gordon S. Young (MD, DC, VA, PA & NY)

Tel 410.581.7407

gordon.young@friedberg.legal

December 11, 2020

**VIA CM/ECF ONLY**

The Honorable I. Leo Glasser
United States District Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 921 South
Brooklyn, NY 11201

Re:     *ECP Property II LLC v. Norton, et al.*
         *Case No.: 20-cv-00303 (ILG) (VMS)*

Dear Judge Glasser:

I write as co-counsel for plaintiff ECP Property II LLC ("ECP") and in response to the letter [Dkt. No. 46] to Your Honor from counsel for defendants Joseph S. Norton, 29 Kermit Place LLC, 31 Kermit Owner LLC, 35 Kermit Place LLC, 771 Boyland LLC, Tameka Norton and Noel Norton (collectively, the "Defendants"), in which he claims that ECP's counsel violated "EDNY Local Rule 4" by failing to inform the Court of an earlier, since-dismissed case involving one of the defendants in this action.

As an initial matter, there is no Local Civil Rule 4 among the Rules of the United States District Court for the Eastern District of New York.

The text cited by Defendants' counsel as "EDNY Local Rule 4" is actually derived from a portion of Rule 4 (Civil Actions or Proceedings (Filing and Assignment)) of the Rules for the Division of Business Among District Judges of the United States District Court for the *Southern District* of New York.  The preamble to those Rules states, in relevant part, that "[t]hese rules are adopted for the internal management of the case load of the court and shall not be deemed to vest any rights in litigants or their attorneys. . . ."  As is clear from Exhibit A annexed to the letter from Defendants' counsel, ECP filed the earlier case in this Court, not in the Southern District.

This Court's analogous rule to the Southern District's Rule 4 – Rule 50.3.1 of the Guidelines for the Division of Business Among District Judges – also does not support Defendants' counsel's spurious claims.  Rule 50.3.1(b) states, in relevant part:

> A civil case shall not be deemed 'related' to another civil case merely because the civil case: (A) involves identical legal issues, or (B) involves the same parties.

Moreover, Rule 50.3.1(c) states:



The Honorable I. Leo Glasser
United States District Judge
December 11, 2020
Page 2

Civil Cases Presumptively Not 'Related': Unless Both Cases Are
Still Pending.

As Defendants' counsel himself states in his letter to Your Honor, ECP voluntarily dismissed the
earlier case, such that the case is no longer pending. It follows that under Rule 50.3.1(c), the
instant action cannot be "related" to the earlier, since-dismissed action.

Therefore, the claims of Defendants' counsel are without merit, and the Court should
deny the Defendants' letter-motion.

Respectfully,

**FRIEDBERG PC**

By:     /s/ Gordon S. Young
        Gordon S. Young

GSY/gsy

cc: Karamvir Dahiya, Esq. (*via* CM/ECF)